or inhabitants or permanent residents of a state as well as upon native or naturalized citizens, but the thought intended to be conveyed is, that such laws can have no extra-territorial effect, so as to operate upon the rights of non-residents of the state.

In the case before the court the creditor was a permanent resident of the state. That was his domicil. He was subject to its laws. His debt was created there. His debtor was a citizen of the same state in which the plaintiff resided. He resorted to the laws of the state to enforce the collection of his debt, and it is under those laws and in its courts that he obtained the judgment now in suit. He continued his residence in the state until after the discharge of the defendant under the state law. If the plaintiff were not an alien, it is not denied that he would be bound by that discharge. No reason is perceived why. he should have any greater contract-rights than a citizen of the same state. The grounds upon which the supreme court have sustained insolvent laws, viz.: that they are supposed to enter into subsequent contracts made within the state, and hence can only operate within the territory of the state, show that an alien resident in the state is as much affected by such laws as resident citizens of the state.

The lex loci governs, and that, in this case, is the law of Minnesota, and it is operative as to subsequent contracts upon all who reside or have their domicil in the state, irrespective of the fact of legal citizenship. Upon the admitted facts of the case, judgment must be entered in favor of the defendant, Varrenne. Judgment accordingly.

NELSON, District Judge, concurs in the foregoing opinion, and MILLER, Circuit Justice, who was present when the case was argued, but not when it was decided, agreed to the result.

---

## Case No. 16,995.

Ex parte VON HOVEN.

[See Case No. 16,858.]

---

## Case No. 16,996.

Ex parte VON HOVEN.

[See Case No. 16,859.]

---

VON LIND v. The WILLIAM SLATER.
See Case No. 13,382.

---

## Case No. 16,997.

VON ROY v. BLACKMAN.

[3 Woods, 98.] [1]

Circuit Court, D. Louisiana. Nov. Term. 1877.

WRITS—CONCLUSIVENESS OF RETURN—MATTERS OF OPINION—SERVICE OF SUBPŒNA.

1. The return of an officer touching any fact about which he was bound to make return, is conclusive on the parties to the suit and their privies.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. The return of an officer of a fact which necessarily involves an opinion, is no exception to this rule.

3. It is the duty of a court to take notice of the sufficiency of the returns of its officers.

4. A return of a subpœna in equity which declared that the subpœna had been handed to a person at the domicile of the defendant, and who resided at said domicile, the defendant being absent, is not a sufficient return of service.

5. The return, where the service is by leaving a copy of the subpœna at the dwelling-house, or usual place of abode of the defendant, must show that the copy was handed to a member of or resident in the family of the defendant.

In equity. Heard on sufficiency of plea in abatement. The plea was as follows: "Mary B. Blackman, sued herein in her representative and individual capacity, now comes into court for the sole purpose of objecting to the sufficiency and legality of the service of the process by which the complainant [Frederick Von Roy] seeks to subject this defendant to the jurisdiction of this honorable court, and this defendant says that there has been no legal or sufficient service of the subpœna, or other sufficient process to compel her to appear before this honorable court; that true it is that the marshal has returned upon the subpœna issued to this defendant herein, that he served it on the 16th day of August, 1876, by handing the same to John W. Houston, a person above the age of fourteen years, at the domicile of Mrs. Blackman, in the parish of Carroll, Louisiana, four hundred and seventy-six miles from New Orleans; that defendant avers that at the time of said pretended service, to wit, on the 16th August, 1876, her domicile and usual place of dwelling, or abode, was in Mississippi City, in Harrison county, in the state of Mississippi; that her domicile and usual place of dwelling or abode was not, on August 16, 1876, in the parish of Carroll, in the state of Louisiana; that her domicile and usual place of dwelling or abode, for the last ten years, has been in the county of Harrison, state of Mississippi; that for the same period she has had no domicile or usual place of dwelling or abode in the state of Louisiana, and this defendant avers that said return is untrue; wherefore, the defendant prays judgment of this honorable court whether she ought to be made to make appearance and further defense to the said bill of complaint, and that she be hence dismissed at the cost of complainant, and for all general and equitable relief."

E. T. Merrick, Geo. W. Race, and W. H. Foster, for complainant.

John Finney and W. S. Finney, for defendant.

BILLINGS, District Judge. The complainant has set down the plea to be argued, and the question, therefore, is upon its sufficiency in law. It is alleged that the return of the marshal is false, and that the defendant is not estopped from urging this plea.

The authorities are numerous and weighty in